**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| **In re:** | |
| | **Chapter 11** |
| **CLINTON NURSERIES, INC.,** | **Case No. 17-31897 (AMN)** |
| **CLINTON NURSERIES OF MARYLAND, INC.,** | **Case No. 17-31898 (AMN)** |
| **CLINTON NURSERIES OF FLORIDA, INC.,** | **Case No. 17-31899 (AMN)** |
| **and TRIEM LLC,** | **Case No. 17-31900 (AMN)** |
| **Debtors.** | **(Joint Administration Motion Pending)** |

**UNITED STATES TRUSTEE'S OMNIBUS STATEMENT AND**
**RESPONSES TO CERTAIN OF DEBTORS' "FIRST DAY MOTIONS"**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through his undersigned counsel, makes the following statement and responses to certain "first day" motions (collectively "First Day Motions") of Clinton Nurseries, Inc. and its related chapter 11 debtors' (collectively the "Debtors").

On December 18, 2017, the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. ECF 1 in Case Nos. 17-31897 through 17-31900, respectively.

1.    Upon information and belief sufficient to form a reasonable assumption, the Debtors continue to operate their respective businesses and continue to manage their respective affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors are represented by the law firm of Zeisler & Zeisler, P.C. and attorney Eric Henzy, specifically.

2.    The United States Trustee is in the process of soliciting creditor interest in the formation of one or more Official Committee(s) of Unsecured Creditors.

3. The Debtors' First Day Motions were filed on the afternoon of December 18, 2017. The same motions were filed in each of the Debtors' cases pending the Court's granting of the Debtors' Motion for Joint Administration. The United States Trustee will refer to the individual First Day Motions in the proposed lead case: *Clinton Nurseries, Inc.*, Case No. 17-31897. The Debtors' First Day Motions include: (a) Motion for Joint Administration (ECF 2); (b) Motion for Interim Use of Cash Collateral (ECF 3); (c) Motion to Use and Maintain Existing Bank Accounts/Business Forms (ECF 4); (d) Motion to Pay Pre-petition Payroll (ECF 5), and (e) Motion to Extend Deadline to File Schedules to January 31, 2017 (ECF 6).

4. JOINT ADMINISTRATION: The United States Trustee has no objection to the Debtors' chapter 11 cases being jointly administered with the lead case being: In re Clinton Nurseries, Inc., 17-31897.

5. USE AND MAINTANCE OF EXISTING BANK ACCOUNTS: The United States Trustee does have concerns for the Debtors' initial proposals concerning the Debtors using their existing banking and cash management system and existing business forms. The Debtors' bank – Webster Bank – is an "approved" depository for the deposit of debtor-in-possession funds for the District of Connecticut; however, such debtor-in-possession funds must be deposited and maintain in "debtor-in-possession" accounts so designated by the approved depository. It is possible for the Bankruptcy Court to compel Webster Bank to so designate the Debtors' existing bank accounts as "debtor-in-possession" accounts. So designated, the United States Trustee would receive periodic reports from Webster Bank concerning the Debtors' banking activity along with all other Webster Bank "debtor-in-possession" and the Debtors would be afforded, at

the sole cost of Webster Bank, additional protections of the funds deposited there in excess of that provided by deposit insurance provided by the Federal Deposit Insurance Corporation.[1]

      6.      DEBTORS' EXISTING BUSINESS FORMS:  The Debtors wish to use their existing business forms stating that it would be too expensive and disruptive to order and use all new materials.  The United States Trustee's concern with the request is that the failure to designate the Debtors as "debtors-in-possession" fails to provide the Debtors' existing and future suppliers, customers and business associates with notice that the Debtors are Chapter 11 debtors-in-possession.  Creditors, customer, suppliers and others who would do business with the Debtors have to be given notice of the Debtors' bankruptcy status.  The Debtors predicament is common in that they have existing checks and business forms which would be wasted if they could not be used, and would be expensive and time-consuming to replace.  The alternative is the very conscientious use of "rubber stamps" and re-programming computer and their printers to insure that all of Debtors' checks, business forms and correspondence bear the legend: "debtor in possession" so that those receiving such forms and checks are put on notice of the reality of Debtors' current financial and legal condition.

      7.      PRE-PETITION PAYROLL:  The Debtors propose to pay their respective employees for the last pre-petition pay period their regular salary or hourly pay and normal benefits.  In the Motion, the Debtors recite that all such payments are for amounts less than the maximum allowed for priority unsecured "wage " claims; however, the United States Trustee has no evidence to support Debtors' statement. The Debtors' counsel has assured the United States Trustee that a list of proposed employee pre-petition wage payments, by employee, will be

---

[1] Which is required by 11 U.S.C. § 345 and which affords the Debtors additional protections above what would have been available to the Debtors under the proposed order.

available for review before the December 21, 2017 hearing.  Therefore, the United States Trustee will have further comments to make at that hearing concerning the Debtors' motion.

8. EXTEND TIME TO FILE SCHEDULES:  Debtors have requested an extension of approximately six weeks before they would have to file their bankruptcy schedules and statements on January 31, 2018.  The United States Trustee has scheduled the Debtors' initial meeting of creditors for January 12, 2018.  While the United States Trustee would not object to a brief extension of time, he hopes to have an Official Committee of Unsecured Creditors appointed and active by January 12, 2018, and an extended delay in filing schedules would put creditors at a severe disadvantage in dealing with the issues contained within the Debtors' proposed interim and final orders concerning the use of cash collateral.  The United States Trustee cannot but believe that an extension until January 31, 2018 would prejudice the administration of the Debtors' cases by the Court and adversely affect the Debtors' creditors.

9. CASH COLLATERAL:  The United States Trustee initial comment concerning the Motion for Interim and Final Orders Authorizing Debtors to Use Cash Collateral and Granting Adequate Protection is that the attached "INTERIM" order much more closely resembles a FINAL order on cash collateral.   No party has received adequate notice of the "First Day Motions," including the Motion to Use Cash Collateral.  Therefore, as little "permanency" should be attached to an interim order as possible while still providing a minimum level of protection for the secured creditor.  Many of the provisions in the proposed interim order seem very permanent to the United States Trustee and seek to bind, seemly forever, parties that are not even in existence at the present time.   The budget attached to the Motion is not very detailed and extends for months into 2018.   An initial interim cash collateral order should encompass a brief period of time which allows the Debtors to survive, offers the secured creditor some solace that it

will not lose further ground, allows creditors and parties-in-interest to better understand the Debtors' plight and financial condition, and allows all constituencies to begin discussing the Debtors' path toward reorganization. The United States Trustee objects to the entry of the proposed Interim Order on Cash Collateral in its present form.

Dated: December 20, 2017　　　　　　　　　Respectfully submitted,
　　　　　New Haven, Connecticut
　　　　　　　　　　　　　　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2

　　　　　　　　　　　　　　　　　By:　　 /s/ *Kari A. Mitchell*
　　　　　　　　　　　　　　　　　　　　　Kari A. Mitchell/phv08341
　　　　　　　　　　　　　　　　　　　　　Steven E. Mackey/ct09932
　　　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　　　Giaimo Federal Building, Room 302
　　　　　　　　　　　　　　　　　　　　　150 Court Street
　　　　　　　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　　　　　　　(203) 773-2210