**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CLINTON NURSERIES, INC., | : | Case No. 17-31897(JJT) |
| CLINTON NURSERIES OF MARYLAND, INC., | : | Case No. 17-31898(JJT) |
| CLINTON NURSERIES OF FLORIDA, INC., and | : | Case No. 17-31899(JJT) |
| TRIEM LLC, | : | Case No. 17-31900(JJT) |
| | : | (Jointly Administered Under |
| Debtors. | : | Case No. 17-31897(JJT)) |

**SECOND SUPPLEMENTAL DISCLOSURE AND
STATEMENT OF ZEISLER & ZEISLER, P.C. IN SUPPORT OF
DEBTORS' APPLICATION, PURSUANT TO BANKRUPTCY CODE §§
327 AND 328 AND FED. R. BANKR. P. 2014 AND 2016, REQUESTING ENTRY
OF AN ORDER AUTHORIZING DEBTORS TO RETAIN ZEISLER & ZEISLER,
P.C., AS COUNSEL FOR DEBTORS, *NUNC PRO TUNC* TO PETITION DATE**

Zeisler & Zeisler, P.C. ("Z&Z"), proposed counsel to Clinton Nurseries, Inc. ("CNI"), Clinton Nurseries of Maryland, Inc. ("CMI"), Clinton Nurseries of Florida, Inc. ("CFI"), and Triem LLC ("Triem"), debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Bankruptcy Cases"), hereby makes the following second supplemental disclosure and statement (the "Disclosure") in support of the Debtors' Application, Pursuant to §§ 327 and 328, Fed. R. Bankr. P. 2014 and 2016, Requesting Entry of an Order Authorizing Debtors to Retain Zeisler & Zeisler, P.C., as Counsel for Debtors, *Nunc Pro Tunc* to Petition Date (ECF No. 66, the "Z&Z Retention App.") and in response to the United States Trustee's Statement of Objection filed January 25, 2018 (ECF No. 140, the "UST Objection").[1]

---

[1] All references to ECF document numbers herein refer to the jointly administered case no. 17-31897 unless specifically stated otherwise.

**RELEVANT FACTS:**

The United States Trustee expresses concern over whether certain intercorporate obligations create interests adverse within the Debtors' estates.[2] (UST Objection at ¶¶ 4-6, 10.) The claims in question, none of which is disputed, are as follows: a claim by CNF against CNI in the amount of $127,091.20; a claim by CNM against CNI in the amount of $8,136.25; a claim by CNI against CNM of $18,963.95; a claim by Triem against CNM of $480,000; and a claim of CNI against CNF in the amount of $68,963.40 (collectively, the "Intercorporate Obligations").

The following additional facts are relevant to this Disclosure: CNI has three equity security holders, David E. Richards (83.33%), Michael Richards (8.33%) and Matthew Richards (8.33%). (ECF No. 86 at 53.) CNM and CNF are wholly owned subsidiaries of CNI. (Case No. 17-31898, ECF No. 28 at 42; Case No. 17-31899, ECF No. 29 at 42.) Together, David E. Richards (51%), Michael Richards (12%) and Matthew Richards (12%) hold 75% of the equity security of Triem (Meredith Richards and Holly Richards hold the remaining 25%). (Case No. 17-31900, ECF No. 29 at 22.) David E. Richards is President of CNI, CNM and CNF and the Manager of Triem. (Z&Z Retention App. at 7.) CMI also leases property from Triem (the "Lease Obligation"). (Case No. 17-31900, ECF No. 29 at 11.) All of the Debtors are obligated with respect to the claim of the most significant secured creditor in these Bankruptcy Cases, Bank of the West. (ECF No. 86 at 31-32.)

The United States Trustee appointed a single Official Committee of Unsecured Creditors (the "Committee") to represent the interests of unsecured creditors of all of the Debtors, which

---

[2] At the outset of the above-captioned chapter 11 cases, the Court entered an Order administratively consolidating the cases for procedural purposes only. (ECF No. 21.) These cases have not been substantively consolidated.

2

Committee will be represented by one law firm (without objection by the United States Trustee). (ECF No. 50.) No creditor has objected to Z&Z's simultaneous representation of the Debtors.

**APPLICABLE LAW:**

Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") provides for debtors-in-possession, with the approval of the bankruptcy court, to employ counsel, provided that such counsel do "not hold or represent an interest adverse to the estate, and that [such counsel] are disinterested persons …" The Bankruptcy Code defines "disinterested person" to mean a person who does not hold, *inter alia*, an interest materially adverse to the interest of the estate …" 11 U.S.C. § 101(14).

The Court has considerable discretion with respect to the issue of joint representation of affiliated bankruptcy estates. "[C]ourts have generally declined to formulate bright-line rules concerning the criteria for disqualification but have favored instead an approach which gives the bankruptcy court discretion to evaluate each case on its facts, taking all circumstances into account." *B H & P INC.*, 949 F.2d 1300, 1315 (3d Cir. 1991) *citing In re International Oil Company*, 427 F.2d 186, 187 (2d Cir. 1970); *see also In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987) ("Historically, bankruptcy courts have been accorded wide discretion in connection with fact-intensive matters, and in regard to the terms and conditions of the engagement of professionals."). In undertaking this flexible approach, bankruptcy courts will consider, *inter alia*, interests of efficiency and economy that would be promoted by multiple representation, disclosure at the time of appointment, whether the interests of the estates are parallel or conflicting and the nature of the intercorporate claims. *In re Jeep Eagle 17, Inc.*, No. 09-23708 (DHS), 2009 Bankr. LEXIS 3614, at *10 (Bankr. D.N.J. July 13, 2009). Courts also consider that debtors-in-possession

are generally entitled to counsel of their choosing, within the requirements imposed by the Bankruptcy Code. *See In re Watson*, 94 B.R. 111, 114 (Bankr. S.D. Ohio 1988).

Requiring affiliated debtors to secure individual counsel is costly and intercorporate debt, common among affiliated debtors, does not constitute sufficient grounds to inflict such burdens upon affiliated estates. *See In re Int'l Oil Co.*, 427 F.2d 186, 187 (2d Cir. 1970); *Katz v. Kilsheimer*, 327 F.2d 633, 635 (2d Cir. 1964); *In re Mulberry Phosphates, Inc.*, 142 B.R. 997, 998 (Bankr. M.D. Fla. 1992) (noting that "it is quite common for a single law firm to represent a parent company and all its subsidiaries either when they are all debtors or when only the parent is a debtor"); *In re O.P.M. Leasing Servs., Inc.*, 16 B.R. 932, 939-41 (Bankr. S.D.N.Y. 1982) (Lifland, J.) ("[W]hile there may be two clients, they share at this time a common goal sought to be achieved by a single trustee, thus making an argument of divided loyalty by counsel metaphysical.").

> [R]ecognizing the two decisions of the Second Circuit on point [*i.e.*, *Int'l Oil Co.* and *Katz*], the presence of intercompany claims between debtors represented by the same counsel does not automatically warrant the disqualification of that counsel. Rather, the Second Circuit and the lower courts, recognizing the substantial cost of requiring additional trustees or counsel in cases where individual debtors have claims against each other, have taken a "wait and see," fact-driven, approach, to determine the extent to which such is necessary.

*In re Adelphia Communs. Corp.*, 336 B.R. 610, 672-73 (Bankr. S.D.N.Y. 2006). Nor does a landlord-tenant relationship between affiliated debtors, in and of itself, create an actual conflict to prevent joint representation. *See In re Universal Enters. of W. Va., LLC*, No. 09-2862, 2010 Bankr. LEXIS 1721, at *4-6 (Bankr. N.D.W. Va. June 9, 2010) (existence of a lease between debtors and unpaid rent did not bar joint representation).

## DISCUSSION:

Z&Z's proposed representation of each of the Debtors in their Bankruptcy Cases is proper for the following reasons:

- The Debtors are affiliates with common management and ownership. They are burdened by the same secured claim of Bank of the West. They commenced these Bankruptcy Cases with substantially similar interests and shared objectives.[3] Their cases are jointly administered for procedural purposes. Presumably, the United States Trustee noted many of these facts in appointing the single Committee with respect to all of the Debtors.

- Prior to the commencement of these Bankruptcy Cases, Z&Z counseled CNI, CNM, CNF and Triem over a period of more than eight months. During that time, Z&Z's attorneys became thoroughly knowledgeable as to the financial and legal issues confronting the Debtors. Requiring each of the Debtors to retain its own counsel, and incur the necessary expense to similarly educate such counsel, would impose a substantial and unjustified burden on the Debtors, their estates, and on their abilities to reorganize. Further, the Debtors' choice of counsel should be given substantial consideration.

- The Debtors are affiliates and the Intercorporate Obligations are typical of those that exist between affiliated entities. None of the Intercorporate Obligations, nor the Lease Obligation, is disputed. Neither the Debtors nor Z&Z anticipate any disputes, much less litigation, between the Debtors with respect to these or any other issues.

---

[3] For example, the Debtors are seeking to jointly employ an investment banker in order to recapitalize and restructure their respective obligations. (ECF No. 67 at ¶ 11.)

- In the unlikely event circumstances arise that, in the opinion of Z&Z and/or the Debtors, would interfere with Z&Z's zealous, conscientious and effective representation of any of the Debtors, Z&Z will immediately inform the United State Trustee and the Court as to the existence of such circumstances so that appropriate measures may be taken to protect the Debtors' respective interests.

Dated at Bridgeport, Connecticut, this 29th day of January, 2018.

                ZEISLER & ZEISLER, P.C.

By:   */s/ Patrick R. Linsey*
      Eric Henzy (Federal Bar No. ct12849)
      Patrick R. Linsey (Federal Bar No. ct29437)
      ZEISLER & ZEISLER, P.C.
      10 Middle Street, 15th Floor
      Bridgeport, CT  06605
      Tel. 203-368-4234
      Fax 203-367-9678
      Email:  ehenzy@zeislaw.com
             plinsey@zeislaw.com