**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CLINTON NURSERIES, INC., | : | Case No. 17-31897 (JJT) |
| CLINTON NURSERIES OF MARYLAND, INC., | : | 17-31898 (JJT) |
| CLINTON NURSERIES OF FLORIDA, INC., and | : | 17-31899 (JJT) |
| TRIEM LLC | : | 17-31900 (JJT) |
| | : | |
| DEBTORS. | : | Re: ECF Nos. 414, 419 |
| | : | |

**MEMORANDUM OF DECISION AND ORDER**
**ON DEBTORS' THIRD MOTION TO EXTEND THE EXCLUSIVITY**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES**

Clinton Nurseries, Inc., Clinton Nurseries of Maryland, Inc., Clinton Nurseries of Florida, Inc., and Triem LLC, debtors and debtors-in-possession (collectively, "Debtors"), by and through their undersigned counsel, have filed a motion ("Motion", ECF No. 414) pursuant to 11 U.S.C. § 1121(d), asking the Court to enter an order extending the periods for which the Debtors may file a reorganization file for an additional 30 days and solicit and obtain acceptances to such plan for 90 days.

This is the Debtors' third request for an extension of the exclusivity periods. The Court previously granted an order (ECF No. 338) on April 17, 2018, extending the exclusivity periods for 45 days upon the Debtors' first motion (ECF No. 321) and again extended the exclusivity periods for a further 30 days by order (ECF No. 401) entered on June 4, 2018 upon the Debtors' second motion (ECF No. 387). The Official Committee of Unsecured Creditors ("Committee") and the Bank of the West ("BOTW") have indicated their support for the Motion. Varilease Finance, Inc. ("Varilease") has interposed an objection (ECF No.419) that underscores its

disaffection with the progress on negotiating its treatment under the plan and its dissatisfaction with the Debtors' information sharing on plan proposals. Varilease further requests that any more extensions of exclusivity be conditioned by the Court, directing various additional financial disclosures.

## JURISDICTION AND VENUE

On December 18, 2017, the Debtors filed voluntary petitions (ECF No. 1) for Chapter 11 relief under Title 11 of the United States Code ("Bankruptcy Code"), commencing their Chapter 11 cases. Pursuant to 11 U.S.C. § 1107(a) and § 1108, the Debtors continue to operate their businesses and manage their properties, affairs, and assets as debtors-in-possession. On December 21, 2017, the Court entered an order (ECF No. 26) directing that the Debtors' cases be jointly administered.

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court for these cases and the Motion pursuant to 28 U.S.C. § 1408 and § 1409, respectively. The basis for the relief requested herein is 11 U.S.C. § 1121(d).

## LEGAL DISCUSSION

11 U.S.C. § 1121 establishes the timelines for reorganization plan filings and provides in relevant part:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—
>     (1) a trustee has been appointed under this chapter;
>     (2) the debtors has not filed a plan before 120 days after the date of the order for relief under this chapter; or

2

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

Under 11 U.S.C. § 1121(d)(1), exclusivity may be extended for cause shown. "Cause" is not defined in the Bankruptcy Code. Courts have held that the determination of cause under 11 U.S.C. § 1121(d) is a "fact-specific" inquiry, and courts have "discretion" to extend or terminate exclusivity. *See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007). The court in *Adelphia* laid out the following nine factors, which courts have used to consider whether "cause" exists to extend a debtor's exclusivity periods:

(a) the size and complexity of the case;

(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c) the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in negotiations with its creditors;

(g) the amount of time that has elapsed in the case;

(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i) whether an unresolved contingency exists.

*Adelphia*, 352 B.R. 578, 586-87. *See also In re GMG Capital Partners III, L.P.*, 503 B.R. 596, 600-01 (Bankr. S.D.N.Y. 2014); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011). Not all factors are relevant to every case, but the existence of even one of the factors may

3

be sufficient to extend debtors' exclusivity periods. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing all nine factors later laid out in *Adelphia* but relying on only four as relevant in determining whether there was "cause" to extend exclusivity). Since the debtors are the parties seeking the extension, the debtors have the burden to demonstrate cause to extend the periods, supported by evidence. *R.G. Pharmacy*, 374 B.R. at 487.

## FINDINGS

In terms of the size and complexity of this case, the Debtors' Chapter 11 wholesale plant nursery business presents a middle market case with a fairly extensive operations platform. The combined Debtors generate roughly $45,000,000.00 in annual revenues. The Debtors have continued to make incremental and substantial progress in these Chapter 11 cases, successfully stabilizing their complex businesses financially and operationally, performing through the crucial ongoing delivery season, and generating the critical cash flow that may possibly fund a reorganization. With the engagement and assistance of its financial advisor TrueNorth Capital Partners, LLC, the Debtors have been able to explore and measure plan alternatives.

At this six-month mark, the Debtors have also made further progress towards filing a reorganization plan, including internal plan formulations, and external negotiations and exchanges of proposals with the Debtors' major secured creditor, BOTW, and the Committee. Unfortunately, however, the Debtors' progress regarding Varilease's claims has largely proceeded through some threshold litigation (*See* Rulings ECF No. 378 and ECF No. 400) and some early stage posturing. The Debtors have provided Varilease with some voluntary disclosures of various forms of financial information, but not financial analytics relating to plan proposals. The ongoing communications and negotiations between the Debtors and their creditors generally demonstrate the Debtors' constructive efforts towards resolution and signal significant progress in formulating a definitive

reorganization plan.[1] With this Court's decision in the Debtors' litigation stage with Varilease, the legal and financial issues that will frame its plan treatment have been distinctly identified so that once an overall plan framework advances forward, the Debtors and Varilease can either narrow their issues in negotiations or choose to litigate them in the plan confirmation context.

In surveying the docket and record of this Chapter 11 case and weighing the representations and arguments of counsel, this Court concludes that the balancing of the *Adelphia* factors weighs decidedly in favor of the Debtors, notwithstanding the concerns and protestations of Varilease. The Debtors have met their burden of establishing the requisite cause and clearly and demonstrably satisfied several of the *Adelphia* factors. The course of this case has shown linear, rational, incremental, prioritized, and strategic advancement of the prospects for a Chapter 11 reorganization.

While this Court and the Chapter 11 process favor accord and adequate disclosure, at this stage, this Court must weigh and appropriately defer to the Debtors' business judgments about its priorities, the sequencing of negotiations, and the development and dissemination of material financial information while their plan negotiations are still in progress and their direction is still in flux. At this critical juncture in the case, this Court is disinclined to intrude upon the Debtors' business and strategic judgments that remain the Debtors' prerogative and risk. Therefore, it will not now direct or order the Debtors to provide any plan-related financial disclosures to Varilease as a condition of the extension of the exclusivity periods. When the time and the plan are ripe, Varilease may well have cause to seek discovery or remedies under Bankruptcy Rule 2004 if there is no party consensus or the Debtors fail to voluntarily provide material financial information preceding any disclosure statement hearing on their plan.

---

[1] It is worth noting that the Debtor' prospects will turn largely upon the ability to restructure the loan from BOTW in the first instance. An inability to do so will present formidable obstacles that could occasion a liquidation.

The application of the *Adelphia* factors to the facts of this case establishes cause to extend each of the Debtors' exclusivity periods as requested.

## **CONCLUSION**

Accordingly, the Debtors' request that the Court enter an order extending the Debtors' exclusivity periods for (i) filing a reorganization plan through and including August 1, 2018, and (ii) obtaining acceptances thereto throughout and including October 1, 2018 is hereby granted.

IT IS SO ORDERED in Hartford, Connecticut on this 2nd day of July 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut