**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CLINTON NURSERIES, INC., | : | Case No. 17-31897(JJT) |
| CLINTON NURSERIES OF MARYLAND, INC., | : | Case No. 17-31898(JJT) |
| CLINTON NURSERIES OF FLORIDA, INC., and | : | Case No. 17-31899(JJT) |
| TRIEM LLC, | : | Case No. 17-31900(JJT) |
| | : | (Jointly Administered Under |
| Debtors. | : | Case No. 17-31897(JJT)) |

**DEBTORS' REPLY TO UNITED STATES TRUSTEE'S OBJECTIONS
TO MOTION TO DETERMINE AMOUNT OF UNITED
<u>STATES TRUSTEE FEES PURSUANT TO 28 U.S.C. § 1930(a)(6)</u>**

Clinton Nurseries, Inc. ("CNI"), Clinton Nurseries of Maryland, Inc. ("CMI"), Clinton Nurseries of Florida, Inc. ("CNF"), and Triem LLC ("Triem;" together with CNI, CNM and CNF, the "Debtors"), for their reply to the United States Trustee's Objection To Debtors' Motion To Determine Amount Of United States Trustee Fees Pursuant to 28 U.S.C. § 1930(a)(6) As The Causes Of Action Therein May Only Be Filed As An Adversary Proceeding (Doc. No. 725, the "Procedural Objection") and the United States Trustee's Objection To Debtors' Motion To Determine Amount Of United States Trustee Fees Pursuant to 28 U.S.C. § 1930(a)(6) (Doc. No. 726, the "Substantive Objection"; together with the Procedural Objection, the "Objections"), respectfully state:

1. On April 17, 2019, the Debtors filed their Motion To Determine Amount Of United States Fees Trustee Pursuant to 28 U.S.C. § 1930(a)(6) (the "Motion"), seeking to have this Court enter an order determining that the U.S. Trustee fees payable in these cases will be calculated based on the pre-amendment 28 U.S.C. section 1930(a)(6) fee schedule and ordering the U.S. Trustee to refund to the Debtors payments made in excess of the fees calculated on the foregoing basis.

1

2.       On May 30, 2019, the Court entered its Scheduling and Briefing Order Pertaining to The Hearing on The Debtors' Motion to Determine Amount of Chapter 11 Quarterly Fees Pursuant To 28 U.S.C. § 1930(a)(6) (the "Scheduling Order").  Among other things, the Scheduling Order, which in the first instance was drafted by the U.S. Trustee, provides that discovery is not presently contemplated and that the page limits specified in Local Bankruptcy Rule 9014-1 shall not apply to the briefs filed in this matter.  Both of these provisions were included in the Scheduling Order by the U.S Trustee.

3.       The U.S. Trustee filed the Objections on June 17, 2019.

A.    **THE PROCEDURAL OBJECTION**

4.       In the Procedural Objection, the U.S. Trustee asserts that the Motion should be denied because it seeks relief that can only be sought through an adversary proceeding pursuant to Rules 7001(1), (2) or (9) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

---

[1] In the Procedural Objection, the U.S. Trustee asserts that Bankruptcy "Rule 2020 does not award gamesmanship—such as seeking on shortened time a declaratory judgment about the statute's constitutionality and an order directing that the United States Trustee disgorge purportedly excessive funds, *as the Debtors intitially attempted to do here*—by letting parties evade Rule 7001 when seeking to overturn actions of the President and Congress or obtain relief from the Treasury, merely by using the term 'United States Trustee.'"  Procedural Objection, par. 33, at 9 (emphasis added).  This statement is so factually incompelete as to be incaccurate.  Some four hours before filing the Motion on April 17, Debtors' counsel sent the Connecticut office of the U.S. Trustee an e-mail stating that the Motion (which was attached to the e-mail) would be filed along with a motion to expedite, but that the motion to expedite was being filed to get the Motion on the calendar for a pre-trial conference and that the Debtors would agree to any time the U.S. Trustee suggested for a response.  Also on April 17, immediately after the Court entered an order granting the Debtors' motion to expedite and setting the Motion down for a hearing on April 24, Debtors' counsel sent the Connecticut office of the U.S. Trustee a second e-mail, again stating that he expected the April 24 hearing would be for the purpose of discussing with the Court a briefing schedule.  Debtors' counsel and the Connecticut office of the U.S. Trustee engaged in discussions regarding a briefing schedule for the next several days, the Debtors agreed to the U.S.Trustee's request for sixty days to reply to the Motion, and a proposed scheduling order was filed with the Court on April 22.  On April 22, Debtors' counsel also communicated to the Court that the hearing on April 24 would not go forward, but would instead be a status conference.  The Debtors did not engage in any gamesmanship, never intended to go forward with the Motion on shortened notice, and from before the time the Motion was filed communicated to the U.S. Trustee that the Debtors would agree to any time to reply that the U.S. Trustee wanted.

5. In the first instance, the determination of the amount of a priority claim is made via a contested matter. Bankruptcy Rule 3012 provides in relevant part:

> (a) Determination of Amount of Claim. On request of a party in interest and after notice—to the holder of the claim and any other entity the court designates—and a hearing, the court may determine:
> . . . .
> (2) the amount of a claim entitled to priority under § 507 of the Code.
> (b) . . . A request to determine the amount of a claim entitled to priority *may be made only by motion* after a claim is filed or in a claim objection.

(Emphasis added). "Such a request commences a contested matter." 9 <u>Collier on Bankruptcy</u> ¶ 3012.03, at 3012-6 (16th ed. 2017). Bankruptcy Code section 507(a)(2) grants a priority to any fees and charges assessed against the estate under chapter 123 of title 28, <u>i.e.</u>, fees under 28 U.S.C. section 1930.

6. In addition, Bankruptcy Rule 2020 provides: "A proceeding to contest any act or failure to act by the United States Trustee is governed by Rule 9014." The U.S. Trustee has and unless ordered otherwise will continue to issue invoices to the Debtors seeking payment of fees based on the post-amendment fee schedule. The Debtors are contesting the actions of the U.S. Trustee in doing so.

7. With respect to Bankruptcy Rule 7001(1), the U.S. Trustee's argument that this should be an adversary proceeding is premature. Principally, pursuant to Bankruptcy Rule 3012, the Debtors are seeking to have the Court determine how much they are obligated to pay to the U.S. Trustee. The Debtors are also seeking to have the Court determine that the U.S. Trustee must disgorge fees to the extent that there have been overpayments, "a matter distinctly prefatory to any proceedings to actually collect from anyone. On that basis a motion or contested matter procedure is entirely appropriate and acceptable. At some later point, the matter of how and from whom there is going to be disgorgement will be the subject of further proceedings, and that point is the one at which to determine whether or not an adversary proceeding (or proceedings) or some other

procedure is the appropriate and correct one." In re World Waste Services, 345 B.R. 810, 814 (Bankr. E.D. Mich. 2006).

8. With respect to Bankruptcy Rule 7001(2), the validity of, priority or extent of a lien of the U.S. Trustee is not at issue in these cases, as the U.S. Trustee does not assert a lien, and the Debtors do not claim that they own any property of the U.S. Trustee or *vice versa*. Bankruptcy Rule 7001(2) is not implicated.

9. With respect to Bankruptcy Rule 7001(9), the Debtors do not seek a declaration; they seek a determination of what they owe to the U.S. Trustee, which is expressly provided for in Bankrutpcy Rule 3012. Debtors' argument in their Motion that the fee increase is unconstitutional is in support of their claim that the U.S. Trustee has overcharged the Debtors; and that latter claim, as distinguished from a declaration that the fee increase is unconstitutional, is the basis for Debtors' requested relief. Bankruptcy Rule 7001(9) is not implicated.

10. Even assuming that the Motion should have been filed as an adversary proceeding, the Motion should not be denied. It is well established in this Circuit as well as other Circuits that "where the rights of the affected parties have been adequately protected and the parties have had an opportunity to be heard, form will not be elevated over substance, and the matter will be allowed to proceed on the merits as originally filed." In re Friedman, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). See also Pu v. Grubin (In re Food Management Group, LLC), 484 B.R. 574, 582-84 (S.D.N.Y. 2012); Strata Title, L.L.C. v. Pure Country, LLC (In re Strata Title, L.L.C.), 2014 Bankr. LEXIS 712, *21-*25 (9th Cir. BAP 2014); In re Good, 428 B.R. 235, 243 (Bankr. E.D.Tex. 2010) (purpose of adversary proceeding rules of ensuring adequate notice not furthered where party appeared and vigorously defended its claim); In re R.F. Cunningham & Co., 355 B.R. 408, 416 n.1 (Bankr. E.D.N.Y. 2006); In re Metiom, Inc., 301 B.R. 634, 639 (Bankr. S.D.N.Y. 2003) ("Such compliance may or may not in the court's discretion require the filing of a complaint but should

4

not require the elevation of form over substance to prejudice a party if the matter can proceed on the merits consistent with Part VII."); In re Command Services Corp., 102 B.R. 905, 908 (Bankr. N.D.N.Y. 1989) ("While there is merit to [the] contention that a determination as to the validity, priority and extent of a lien is properly brought before a bankruptcy court within the context of an adversary proceeding pursuant to Bank.R. 7001(2) rather than as a contested matter pursuant to Bankr.R. 9014, courts have concluded that where the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed."). In addition, the Court has the power to convert a contested matter to an adversary proceeding on its own motion. See, e.g., Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn), 401 B.R. 872, 892-93 (Bankr. S.D. Tex. 2009); Johnson v. Stemple, 361 B.R. 778, 784 (Bankr. E.D. Va. 2007). Finally, Bankruptcy Rule 9014(c) makes many of the rules in Part VII of the Rules applicable, and provides that at any stage the Court may direct that any of the other rules in Part VII apply.

11. Here, the U.S. Trustee had sixty days to file its initial objection to the Motion, much longer than the U.S. Trustee would have had to file an answer or a motion to dismiss in an adversary proceeding under the applicable Bankruptcy Rules. The U.S. Trustee agreed that no discovery is contemplated at this time; so presumably the U.S. Trustee agrees that all of the issues raised by the Motion are legal in nature. While in the Procedural Objection the U.S. Trustee lists provisions of Part VII of the Rules, some of which (such as the discovery provisions) are already applicable in a contested matter, the U.S.Trustee never states how it has been prejudiced by this matter being filed as a contested matter it nowhere states what it would want to do if this were an adversary proceeding that it cannot do because it is a contested matter. The U.S. Trustee's

Substantive Objection is forty-seven pages long,[2] with an additional seventy-five pages of exhibits attached. There is no reason to believe that the U.S. Trustee has not been able to fully and fairly make all of its arguments.

12. Even if the Court finds that this matter should have been filed as an adversary proceeding, the Motion should not be denied. The U.S. Trustee has suffered no prejudice, because this matter was filed as a contested matter – the rights of the U.S. Trustee have been adequately presented and protected. The Court may direct that any part of the Bankruptcy Rules' part VII apply, as the U.S. Trustee has or may show are necessary; and the Court may order that this matter now proceed as an adversary proceeding, if the Court deems that appropriate. In the facts and circumstances, to deny the Motion would elevate form over substance. The Debtors would be prejudiced as they would have lost months in getting a determination of what they owe the U.S. Trustee.

B. **THE SUBSTANTIVE OBJECTION**

13. As detailed in the Motion, after the passage of the amendments to 28 U.S.C. § 1930(a) in 2017,

> *[t]o ensure nationwide uniformity*, the BAs requested that the [Judicial Conference] Committee [on the Administration of the Bankruptcy System] recommend that the Conference approve similar fees in BA districts. The Committee noted the following issues with the quarterly fees generally, and the possibility that increasing the fees would exacerbate such problems: (1) whether imposing the quarterly fee has had a chilling effect on large chapter 11 case filings and (2) whether imposing the quarterly fee has precluded certain large chapter 11 debtors from successfully reorganizing (and compelling those debtors to instead dismiss or convert to chapter

---

[2] As noted above, the U.S. Trustee requested that the Scheduling Order include a provision that the page limit provided for in Local Bankruptcy Rule 9014-1, which only applies in adversary proceedings, not apply. Apparently, at one point the U.S. Trustee believed that this matter was properly a contested matter, or at least communicated that to the Debtors and the Court. See Grant v. United States Dept. of Defense (In re Grant), 2017 Bankr. LEXIS 1904, *14-*15 (Bankr. D. Conn. 2017) ("The doctrine of judicial estoppel applies when: 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." (citation omitted).

7). The Committee will further consider these issues and consider whether the Conference should make a recommendation to Congress regarding whether to reenact revised subsection (a)(6)(B).

Notwithstanding the concerns outlined above, the Committee agreed that the quarterly fee calculation changes in 28 U.S.C. § 1930(a)(6)(B) should apply in BA districts beginning in the first quarter of fiscal year 2019 (that is, for any chapter 11 case filed on or after October 1, 2018, and not for cases then pending).

Report of the Judicial Conference Committee on the Administration of the Bankruptcy System (September 2018), annexed to the Motion as Exhibit B, at 19-20 (emphasis added). At a meeting on September 13, 2018, among other things, the Executive Committee of the Judicial Conference of the United States:

> [a]pproved, on behalf of the Judicial conference on an expedited basis, imposing quarterly fees in chapter 11 cases filed in bankruptcy administrator districts in the amounts specified in 28 U.S.C. § 1930(a)(6)(B) for cases filed on or after October 1, 2018 for any fiscal year in which the U.S. Trustee Program exercises its authority under that statute, and pursuant to any future extensions of that or similar authority.

Report of the Proceedings of the Judicial Conference of the United States (September 13, 2018), at 11, annexed to the Motion as Exhibit D. Thus, the Judicial Conference Committee on the Administration of the Bankruptcy System and the Executive Committee of the Judicial Conference of the United States clearly believed that action was required in order for the fees in the Bankruptcy Administrator Districts (the "BA Districts") to be increased and that the Judicial Conference had discretion as to whether, when and by how much the fees in the BA Districts would be increased.

14. In the Substantive Objection, the U.S. Trustee argues that the quarterly fees charged in the BA Districts are required by statute to be the same as those charged in the rest of the country, that the Executive Committee of the Judicial Conference did not understand and/or chose to disregard 28 U.S.C. § 1930(a)(6) and (7) and its own previous actions ("There is no explanation for why the Executive Committee of the Judicial Conference decided over eight months later in September 2018 to permit bankruptcy administrator districts to disregard the 2001 Directive and

7

sections 1930(a)(6) and (a)(7) by beginning to charge the increased fees only in cases filed on or after October 1, 2018." Substantive Objection ¶ 19, at 5), and that the Judicial Conference is guilty of an *ultra vires* failure to enforce 28 U.S.C. § 1930 ("[A]n *ultra vires* failure to enforce a law does not render that law unconstitutionally non-uniform." Substantive Objection ¶ 69, at 20).

15. The Debtors reject the argument that the Judicial Conference does not understand the law and/or chose to ignore the law or that the Judicial Conference does not understand its own previous decisions.

16. In addition, the U.S. Trustee's argument that the Judicial Conference did not understand the law or ignored the law is premised on a misreading of the statute—28 U.S.C. § 1930(a)(7) provides that in BA Districts the "Judicial Conference of the United States ***may*** require the debtor in a case under chapter 11 of title 11 to pay fees equal to those imposed by paragraph (6) of this subsection." (Emphasis added). The last sentence of 28 U.S.C. § 1930(a)(7) uses the word "shall" in specifying how the fees received pursuant to the first sentence will be deposited. "[W]hen the same Rule uses both 'may' and 'shall,' the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory." Anderson v. Yungkau, 329 U.S. 482, 485 (1947). See also Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 346 (2005) ("The word 'may' customarily connotes discretion. This connotation is particualrly apt where . . . 'may' is used in contraposition to the word 'shall.'" (citation omitted)); Lopez v. Diaz, 531 U.S. 230, 241 (2001) ("Congress' use of the permissive 'may' . . . contrasts with the legislators' use of a mandatory 'shall' in the very same section."); Weinstein v. Albright, 261 F.3d 127, 137 (2nd Cir. 2001).

17. By its plain language, 28 U.S.C. § 1930(a)(7) grants the Judicial Conference discretion in imposing fees in the BA Districts. The Judicial Conference did not misunderstand the law or its own previous decisions, and did not act *ultra vires*. The Judicial Conference

8

exercised the discretion granted to it by Congress in the manner it saw fit. Thus, the issue is not the improper implementation of the law by the Judicial Conference, as discussed in the Motion there is a constitutional problem with the law itself.

18. As to the other arguments made in the Substantive Objection, the Debtors rest on the arguments made and the authorities cited in the Motion and reserve the right to make further arguments at the hearing on the Motion in response to any further arguments made by the U.S. Trustee.

WHEREFORE, the Debtors respectfully request that the Court enter an order overruling the Objections, granting the Motion, and granting the Debtors such other and further relief as the Court deems just.

Dated at Bridgeport, Connecticut this 2nd day of July, 2019.

CLINTON NURSERIES, INC.,
CLINTON NURSERIES OF MARYLAND, INC.,
CLINTON NURSERIES OF FLORIDA, INC., and
TRIEM LLC,

*/s/ Eric Henzy*
Eric Henzy (Federal Bar No. ct12849)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06605
Tel. 203-368-4234
Fax 203-367-9678
Email: ehenzy@zeislaw.com
Their Attorneys