**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Jointly Administered |
| CLINTON NURSERIES, INC. ET AL.[1] | : | Case No. 17-31897 (JJT) (Lead) |
| | : | |
| Debtors | : | |
| | : | July 12, 2019 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**LIMITED OBJECTION TO DISCLOSURE STATEMENT**
**AND RESERVATION OF RIGHTS**

The Official Committee of Unsecured Creditors of Clinton Nurseries, Inc. (the "Committee") respectfully files the following limited objection to the Disclosure Statement (ECF No. 717) in support of its proposed Joint Plan of Reorganization (ECF No. 717-1, the "Plan").

The Committee has no objection to approval of the Disclosure Statement, subject to minor revisions set forth below. However, the Committee reserves all of its rights to object to the Plan at the time of confirmation, or as otherwise permitted by the Bankruptcy Code.

**I.    FACTS AND BACKGROUND**

On December 18, 2017 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, New Haven Division. Since the Petition Date, Debtors have continued in possession and management of their businesses and property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and

---

[1] The chapter 11 cases of Clinton Nurseries, Inc. ("CNI"), Case No. Case No. 17-31897, Clinton Nurseries of Maryland, Inc. ("CNM"), Case No. 17-31898, Clinton Nurseries of Florida, Inc. ("CNF"), Case No. 17-31899, and Triem LLC ("Triem"), Case No. 17-31900 are jointly administered under Case No. 17-31897.

1108. On January 4, 2018, the United States Trustee, pursuant to Bankruptcy Code § 1102, appointed the Committee. ECF No. 50.

CNI acts as an operating wholesale plant nursery, as well as a holding company for its wholly owned affiliates, CNM and CNF. Both CNM and CNF are also wholesale plant nurseries. The additional debtor, Triem LLC, owns a single-family residence in Connecticut, and real estate in Maryland, from which CNM operates, in part. Triem is owned and controlled by members of the family who manage the business and are the Debtors' shareholders. One of the shareholding families occupies the residence. An entity owned by Debtors' management owns and controls the real estate in Clinton, Maryland, and Florida. Collectively, Debtors claim CNI, CNM, and CNF employ over 200 people. Because of consolidation in the landscaping supply and gardening industry, Debtors' customer base has been significantly reduced and currently consists of two major customers, accounting for more than ninety (90%) percent of their business.

Debtors' primary secured lender is the Bank of the West (the "Bank"), which claims to hold a blanket security interest in Debtors' operating assets, including Debtors' cash collateral, as well as mortgages on real estate owned by Debtors. The Bank claims it is owed approximately $29.4 million. Claim No. 34-1.

**Status of the Case**

After an initial period of activity following the Petition Date and the beginning of the 2018 selling season, Debtors and the Bank began negotiating a plan. The Committee was informed of this and provided its views and requirements. However, no plan was filed. At several hearings, Debtors informed parties-in-interest and the Court that a plan would be soon filed. The Committee generally stayed quiet during this time to afford Debtors the space they

needed to negotiate with the Bank, having provided Debtors and the Bank with the Committee's views for it to support a plan, and so as not to incur administrative expenses.

Eventually, Debtors did file a Disclosure Statement and Plan. ECF No. 717, 717-1. Debtors' counsel and the Committee's counsel have had extensive discussions concerning the Committee's view of the Plan, and Debtors have incorporated some, but not all of the requests into their present Plan. The Committee expects that negotiations will continue.

## II.      THE COMMITTEE'S LIMITED OBJECTIONS

The Disclosure Statement contains insufficient information in the following way:

1. It does not set forth a list of executory contracts and the cure costs associated with assumption. While the Disclosure Statement states "all executory contracts"[2] will be assumed (Disclosure Statement at 29), it is not clear what this means monetarily. The plan support financials do not set forth cure payments. There is also no list of executory contracts, their status, or associated cure costs. The Disclosure Statement should be amended to list executory contracts.

2. The Committee is also aware of post-petition agreements that have been entered into with various vendors and suppliers. The treatment of these contracts is not described in the Disclosure Statement. The Disclosure Statement should be amended to explain their treatment.

---

[2] The Debtors, however, do leave open the door for rejection of some or even all executory contracts. Debtors indicate that rejected executory contracts and unexpired leases will be listed on a separate schedule filed with the Court. Disclosure Statement at 29. To date no such schedule has been filed with the Court. Debtors also indicate that executory contracts and unexpired leases that were previously rejected by Final Order or that are the subject of a motion to reject pending on the Confirmation Date will not be assumed under the Plan. Id. Debtors further indicate that executory contracts and unexpired leases that are subject to a motion to reject where the requested effective date of the rejection is after the Effective Date are also not rejected under the Plan. Id. To date, the Court has entered no order rejecting an executory contract or unexpired lease and there are no pending rejection motions. It is thus unclear whether and which executory contracts or unexpired leases will be rejected or assumed.

3. The plan support financials annexed to the Disclosure Statement should be updated to reflect the most recent financial information available to ensure the viability of the Plan.

4. The Disclosure Statement should clarify that the creditors' trust will receive a $350,000 payment from Richards Farms on the Effective Date, in addition to the consideration set forth in class 6.  Disclosure Statement at 22.

5. The Disclosure Statement states that intercompany claims are impaired. However, there is no explanation of how they are impaired or how they are to be paid.  A further explanation should be included.  Id. at 23.

## III. RESERVATION OF RIGHTS

The Committee reserves all of its rights to object to the Plan at the time of confirmation for any reason permissible under the Bankruptcy Code.

## IV. CONCLUSION

For the above stated reasons the Court should approve the Disclosure Statement only after Debtors make the above modifications thereto.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: /s/ Jeffrey M. Sklarz
Jeffrey M. Sklarz (ct20938)
Green & Sklarz LLC
700 State Street, Suite 100
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
jsklarz@gs-lawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date:  July 12, 2019                                                  /s/ Jeffrey M. Sklarz